IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

PURPLE ONION FOODS, INC.,
a New Mexico corporation,

        Plaintiff,

v.                                                                       No. CIV 98-758 BB/JHG

BLUE MOOSE OF BOULDER, INC.,
a Colorado corporation, and CURTIS
TELLAM, an individual,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS

THIS MATTER is before the Court on the motion of Defendant Curtis Tellam [Defendant] to dismiss the complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Having considered the briefs of counsel, the Court FINDS the motion not well taken and it will be DENIED.

Discussion

I. Standard of Review

Defendant alleges "[t]he complaint fails to allege the facts and circumstances constituting the alleged fraud or fraudulent conduct on the part of Defendant Tellam

with the particularly necessary to fulfill the requirements of Rule 9(b)." (Deft's Mo. ¶ 2). When a party challenges the sufficiency of a complaint to allege fraud and misrepresentation, it is the duty of the court to balance the requirements of notice pleading against the requirement of particularity imposed by Rule 9. *Picture Lake Campground, Inc. v. Holiday Inns, Inc.*, 497 F. Supp. 858 (E.D. Va. 1980). Rule 9 requires fair notice of plaintiff's claims and the grounds on which they are based so that defendants may file a response. *Harvey M. Jasper Retirement Trust v. Ivax Corp.*, 920 F. Supp. 1260 (S.D. Fla. 1995); *Ackerman v. National Property Analysts, Inc.*, 887 F. Supp. 494 (S.D.N.Y. 1992). "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making false statements and the consequences thereof.'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991).

The standard of review of a motion to dismiss under Rule 12(b)(6) is that the Court construes all allegations in the complaint most favorably to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). All factual allegations must be taken as true, and all reasonable inferences must be indulged in favor of plaintiff. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976)

II. Allegations of the Complaint

The complaint in this case sets forth "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences." *In re Edmonds*, 924 F.2d at 180. It is sufficient to merely quote the complaint at length:

> 9. Since 1991 Plaintiff Purple Onion has done business in Santa Fe, New Mexico, developing, manufacturing and marketing certain food products, including Green Chili Hummus, Kalamata Olive Hummus, and Babaganooj, which business requires extensive use by Plaintiff of its proprietary trade secrets and confidential information.
>
> 10. Plaintiff Purple Onion owns and employs in its business certain trade secrets and confidential, proprietary information, including, but not limited to, formulas, methods, techniques and processes, and production methods, which derive independent economic value from not being generally known to or ascertainable by other persons by proper means (hereafter, "trade secrets and confidential information").
>
> 11. Prior to mid 1997 Defendant Tellam had no knowledge of Plaintiff's trade secrets and confidential information, including Plaintiff's formulas, methods, techniques and processes, and production methods, utilized by Plaintiff in the development, manufacture and marketing of its products.
>
> 12. In or around July 1997, in Santa Fe, New Mexico, Defendant Tellam approached David Wilkins,

3

Chairman and President of Plaintiff Purple Onion, for purported purpose of franchising Plaintiff's trade secrets and confidential information for the production of food products similar to Purple Onion's products in Boulder, Colorado.

13. In or about July 1997, David Wilkins, in his capacity as Chairman and President of Purple Onion, advised Defendant Tellam that Purple Onion considered its trade secrets and confidential information to be secret and proprietary, and that he would offer to franchise, and disclose to Tellam as part of said offer, only, certain of Plaintiff's trade secrets and confidential information, for the sole purpose of using them in the prospective franchise.

14. In or about July 1997, Tellam indicated to David Wilkins his understanding of and agreement to all the conditions alleged in paragraph 13.

15. Thereafter, in or around September 1997, in Santa Fe, New Mexico, David Wilkins and Defendant Tellam reached agreement on the terms upon which Tellam would franchise Purple Onion's trade secrets and confidential information.

16. Thereafter Plaintiff, during the period around July 1997 through around November 1997, gave Defendant Tellam access to its trade secrets and confidential information, in Santa Fe, New Mexico, at which time and place Plaintiff, through David Wilkins and Plaintiff's agents and employees, discussed in detail and disclosed to Defendant Tellam Plaintiff's trade secrets and confidential information, all in reliance on the promise and representation of Defendant Tellam that they would be used only in a franchise.

17. Defendant Tellam misrepresented to Plaintiff that he would not use or disclose Plaintiff's trade secrets and

confidential information except within the agreed franchise relationship.

19. Defendant Tellam misrepresented to Plaintiff that he would enter into a franchise with Plaintiff on the terms discussed with Wilkins.

19. Without further communication with or notice to Purple Onion, on information and belief, Defendant Tellam incorporated Defendant Blue Moose of Boulder, Inc. (hereafter "Blue Moose") in December 1997, and Blue Moose then commenced doing business in Boulder, Colorado, producing substantially and virtually the same food products as Plaintiff, employing Plaintiff's trade secrets and confidential information.

. . .

21. By virtue of Defendant Tellam's misrepresentations, Defendants acquired knowledge of Plaintiff's trade secrets and confidential information.

. . .

27. Plaintiff's intention to commence doing business in the Boulder/Denver, Colorado area, absent a franchise agreement with Defendant Tellam, was communicated to Tellam.

. . .

29. Since or about December 1997 Defendant Blue Moose has knowingly and willfully used and disclosed Plaintiff's trade secrets and confidential information in manufacturing and in marketing and selling food products in Colorado and New Mexico.

. . .

> 40. Defendants' misrepresentations to Plaintiff, and Plaintiff's reasonable reliance thereon to its damage, constitute actionable fraud.

Defendant does not pinpoint exactly which element necessary to allege fraud is missing from the complaint, but read as a whole it clearly states a cause of action. The allegations of the complaint clearly show the factual circumstances to support a fraud claim would necessarily be implied, and this itself is grounds for denial of the motion. Under New Mexico law, magic words are not required. *Maxey v. Quintana*, 499 P.2d 356 (N.M. App.), *cert. denied*, 499 P.2d 355 (N.M. 1972); *Romero v. Sanchez*, 492 P.2d 140 (N.M. 1971).

At one point, Defendant does argue the complaint is deficient in its failure to state the "time" or "context" of the alleged misrepresentations. (Deft's Mem. at 6). However, the complaint specifically alleges Defendant acknowledged the confidentiality of Plaintiff's trade secrets in July 1997, then falsely pretended to negotiate a franchise agreement until December 1997, when he used Plaintiff's recipes and secrets to go into competition with Plaintiff. (Compl. ¶¶ 12-19). This is sufficient as to both time and context. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1298 (1998).

# **O R D E R**

For the above stated reasons, Defendant's motion to dismiss fraud claims [#12] pursuant to Rules 9(b) and 12(b)(6) is **DENIED**.

Dated at Albuquerque this 8th day of October, 1998.

                         **BRUCE D. BLACK**
                         United States District Judge

Counsel for Plaintiff:
    Gregory D. Huffaker, Jr., Huffaker & Conway, Albuquerque, NM

Counsel for Defendant Tellam:
    Mary E. Walta, White, Koch, Kelly & McCarthy, Santa Fe, NM